UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: <br><br> TIMOTHY LEE STARK, <br><br> Debtor. | CASE NO. 22-90102-AKM-7 |
| UNITED STATES TRUSTEE NANCY J. GARGULA, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY LEE STARK, <br><br> Defendant. | ADV. PRO. NO. |

**UNITED STATES TRUSTEE'S COMPLAINT TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), (4), AND (11)**

Nancy J. Gargula, United States Trustee, by Ronald J. Moore, Assistant United States Trustee, respectfully represents and alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This proceeding arises in and relates to the Chapter 7 bankruptcy case of In re Timothy Lee Stark, case number 22-90102 AKM-7A, now pending in this court ("Bankruptcy Case").

3. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 7001.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper pursuant to 28 U.S.C. § 1409 by virtue of this Chapter 7 case pending before the United States Bankruptcy Court for the Southern District of Indiana.

6. The case of Timothy Lee Stark ("Defendant" or "Debtor") commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on February 10, 2022.

## PARTIES TO THE ACTION

7. Plaintiff Nancy J. Gargula is the United States Trustee for the Southern District of Indiana, Region 10 ("U.S. Trustee" or "Plaintiff").

8. The Defendant's address on his bankruptcy petition, as modified by a Notice of Change of Address filed on April 7, 2022 (Docket No. 49), shows his mailing address as P.O. Box 144, Charlestown, IN 47111. Accordingly, the Defendant may be served at this address.

## STATEMENT OF STANDING

9. Plaintiff, as the United States Trustee for the Southern District of Indiana, Region 10, has standing to bring this action under 11 U.S.C. §§ 307 and 727.

## CONSENT TO FINAL ORDER OR JUDGMENT

10. The U.S. Trustee consents to the entry of a final order or judgment is this matter pursuant to Fed. R. Bankr. P. 7008.

**FACTUAL ALLEGATIONS**

11.  The U.S. Trustee hereby incorporates by reference paragraphs 1 through 10 inclusive, as if fully set out herein.

*General Allegations*

12.  The Bankruptcy Case was initiated by the filing of an Official Form 101, Voluntary Petition for Individuals Filings for Bankruptcy, ("Petition") on February 10, 2022 ("Petition Date").

13.  On the same date, the Defendant filed his Schedules A/B through J ("Schedules") and Statement of Financial Affairs ("SOFA").

14.  The Defendant signed, or authorized someone to sign on his behalf, the Petition and SOFA prior to filing them.

15.  The Defendant hand delivered the Petition, SOFA and Schedules to the Court's Clerk for filing.

16.  On March 2, 2022, the Defendant signed and filed his Official Form 106Dec, Declaration About an Individual's Schedules.

17.  On April 13, 2022, the Defendant testified under oath at his meeting of creditors pursuant to 11 U.S.C. § 341 ("Meeting of Creditors").

18.  On January 6, 2023, the U.S. Trustee filed a Motion for Examination pursuant to Fed. R. Bankr. P. 2004 requesting to take the examination of the Defendant. The Court granted that motion and the examination of the Defendant was conducted on January 26, 2023 ("2004 Exam").

*Concealment of Assets – Jombalomba, LLC*

19. On the Petition Date, the Defendant was the sole member of Jombalomba, LLC (the "LLC").

20. The LLC is not publicly traded.

21. The Defendant did not disclose his membership in the LLC anywhere on his Schedule A/B.

22. On his Schedule A/B, the Defendant answered "No" to Question 19 which asks if the Defendant has any "non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC…"

23. The LLC is a limited liability company organized in the State of Montana.

24. The LLC was formed on June 30, 2021, by Bennett Law Offices, P.C ("Bennett").

25. At some point after the creation of the LLC, but no later than August 13, 2021, an Operating Agreement was prepared by Bennett. ("Operating Agreement").

26. The Operating Agreement indicates the Defendant is the sole member of the LLC.

27. The LLC has no debts but does have assets.

### Assets of the LLC – Motor Home

28. The Operating Agreement, and Exhibit A thereto, indicate that the Defendant transferred to the LLC the ownership of a 2006 Cross Country Coachmen, VIN 4UZACJBVX6CW44280 ("Motor Home").

29. On August 12, 2021, a Certificate of Title for the Motor Home was issued indicating that the LLC is the owner of the Motor Home.

30. On June 30, 2021, the Motor Home was purchased by the LLC for $70,000.

31. The LLC purchased the Motor Home using approximately $70,000 in cash that the Defendant borrowed from James Daniel Dunn, III ("Mr. Dunn") and Mr. Dunn's spouse.

32. No purchase money security interest was asserted against the Motor Home by Mr. Dunn or his spouse.

### Assets of the LLC - Trailer

33. Bennett amended Exhibit A to the Operating Agreement on or about September 1, 2021, to indicate that the Defendant transferred to the LLC the ownership of a 2022 RC Trailer, VIN 56VBE1620NM667009 ("Trailer").

34. On August 31, 2021, a Certificate of Title for the Trailer was issued indicating that the LLC is the owner of the Trailer.

35. At some time prior to August 31, 2021, but no earlier than August 22, 2021, the Trailer was purchased by either the LLC or the Defendant for approximately $11,000.

36. The Defendant or the LLC purchased the Trailer by charging the purchase to a credit card issued in the Defendant's name.

37. The Trailer was new when the Defendant or LLC bought it and received a Certificate of Origin for a Vehicle from RC Trailers, Inc. upon the purchase.

38. No purchase money security interest was asserted against the Trailer.

*Concealment of Assets – Claims, Animals, and Household Goods*

39. On November 19, 2019, the Defendant filed a lawsuit against Jeff Lowe in the District Court in and for Garvin County, Oklahoma, case number CJ-2019-00184 ("Lowe Lawsuit").

40. The Lowe Lawsuit was not listed on the Defendant's Schedule A/B.

41. In the Lowe Lawsuit the Defendant demanded the return of certain animals that were the property of the Defendant and demanded a money judgment.

42. On October 21, 2021, approximately four months prior to the Petition Date, the Defendant obtained a judgment against Jeff Lowe in the Lowe Lawsuit.

43. On February 7, 2022, three days prior to the Petition Date, the Defendant, by counsel, filed a Statement of Judgment in the Lowe Lawsuit.

44. The Defendant did not list any right to a money judgment from the Lowe Lawsuit on his Schedule A/B.

45. The Defendant has stated that he believes the value of the Lowe Lawsuit judgment is $250,000, but he has not collected anything from that judgment.

46. The Lowe Lawsuit judgment required Jeff Lowe to return the following property to the Defendant:

  a. 1 sloth;
  b. 5 Sulcata turtles;
  c. 6 Caracal Cats;
  d. 3 Marmoset monkeys;
  e. 1 Tamarin monkey;
  f. 1 Grizzly Bear;
  g. 1 Cougar;
  h. 1 Bobcat;
  i. 5 Emu birds;
  j. 1 Fossa;
  k. 1 Civet;
  l. 1 Hyacynth Macaw;
  m. 1 DeBrazza Guenon;
  n. 3 Prevost Squirrels;
  o. 1 Plantain Squirrel;
  p. 1 Kinkajou;
  q. 1 Red ruffed Lemur;
  r. 1 Capybara;
  s. 1 Reticulated Python;
  t. 2 Ringtail Lemurs;
  u. 2 Bushy tailed Opossums;
  v. 1 Richardson ground squirrel;
  w. 1 Chocolate Skunk;
  x. 3 Straw colored bats;
  y. 1 Bush Baby; and
  z. 1 Bat Eared Fox.
(collectively the "Lowe Lawsuit Animals").

47. On his Schedule A/B, the Defendant did not answer Question 13 which asks if he owned any non-farm animals.

48. The Defendant did not list the Lowe Lawsuit Animals, or his right to possess them, on his Schedule A/B.

49. Further, during the 2004 Exam the Defendant admitted he also owned three dogs.

50. On his Schedule A/B, at Question 6, the Defendant indicated that he had no household goods or furnishings.

51. During the 2004 Exam, the Defendant admitted to owning household goods and furnishings on the Petition Date.

*False Oaths and/or Statements*

52. The Petition, Schedules and SOFA were signed by the Defendant, subject to the penalties for perjury, certifying that they were true and correct.

53. On his Petition, the Defendant answered "yes" to the question "Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?"

<u>False Oaths and/or Statements – Schedule A/B</u>

54. On his Schedule A/B, the Defendant answered "No" to the Question 19 asking if he owned any "Non-publicly traded stock and interests in incorporated or unincorporated businesses, including an LLC, partnership, and joint venture".

55. On the Petition Date, the Defendant was the sole member of the LLC.

56. On his Schedule A/B, the Defendant answered "No" to the Question 33 asking if he had "Claims against third parties, whether or not you have filed a lawsuit or made demand for payment."

57. The Lowe Lawsuit was not listed on the Defendant's Schedule A/B.

58. The Lowe Lawsuit Animals were not listed on the Defendant's Schedule A/B.

59. The Defendant's household goods and furnishings were not listed on the Defendant's Schedule A/B.

False Oaths/Statements – Other Schedules

60. Whitney Settles filed a lawsuit on February 1, 2022, in the Dearborn, Indiana Superior Court against the Defendant and others alleging they were responsible for personal injuries Whitney Settles suffered, case number 15D01-2202-CT-00005 ("Settles Lawsuit").

61. On his Schedule E/F, the Defendant does not list Whitney Settles as a creditor.

62. On his Schedule I, the Defendant indicates that he has no income.

63. On the Petition Date, the Defendant was receiving funds from friends and family to pay his living expenses on an as needed basis.

64. The contributions from friends and family are not listed on the Defendant's Schedule I.

65. On his Schedule J, the Defendant indicates that he has no living expenses.

66. The Defendant has living expenses; however, they are mostly paid by others on his behalf.

## False Oath and/or Statements - Petition

67. In his Petition, the Defendant listed his home address as 1927 Harmony Lane, Charlestown, IN 47111-8657.

68. 1927 Harmony Lane, Charlestown, IN 47111-8657 was not the Defendant's home address on the Petition Date.

69. In his Petition, the Defendant listed his mailing address as PO BOX 114, Charlestown, IN 47111.

70. PO BOX 114, Charlestown, IN 47111 was not the Defendant's mailing address on the Petition Date.

71. On his Petition, the Defendant answered "No" to the question "Have you filed for bankruptcy within the last 8 years?"

72. The Defendant previously filed bankruptcy in the Southern District of Indiana on October 27, 2021, case number 21-04855, and on January 3, 2022, case number 22-90001.

73. Neither of the Defendant's prior bankruptcy cases were listed on his Petition.

74. On his Petition, relating to required credit counseling the Defendant indicated that "I received a briefing from an approved credit counseling agency within 180 days before I filed this bankruptcy petition, and I received a certificate of completion."

75. During the 2004 exam, the Defendant testified that he did not take any credit counseling course.

## False Oaths and/or Statements - SOFA

76. On his SOFA the Defendant indicated that he has had no income from any source during calendar years January 1, 2020, through the Petition Date ("Income Lookback Period").

77. The Defendant received at least $2,000 from the producer of the television series Tiger King during the Income Lookback Period.

78. The Defendant received money from friends and family throughout the Income Lookback Period.

79. The Defendant earned income for artwork he produced during the Income Lookback Period.

80. On his SOFA the Defendant did not list the Lowe Lawsuit or the Settles Lawsuit where required in response to Question 9.

81. On his SOFA the Defendant answered "No" to Question 18 which asks "Within 2 years before you filed bankruptcy, did you sell, trade, or otherwise transfer property to anyone, other than property transferred in the ordinary course of your business or financial affairs.

82. The transfer of the Motor Home or the money used to purchase it to the LLC was not in the ordinary course of the Defendant's business or financial affairs.

83. Even though occurring less than one year prior to the Petition Date, the Defendant did not list the transfer of the Motor Home or the money used to purchase it to the LLC on his SOFA.

84. The transfer of the Trailer or the money used to purchase it to the LLC was not in the ordinary course of the Defendant's business or financial affairs.

85. Even though occurring less than six months prior to the Petition Date, the Defendant did not list the transfer of the Trailer or the money used to purchase it to the LLC on his SOFA.

86. On his SOFA the Defendant answered "No" to Question 23 which asks "Do you hold or control any property that someone else owns?"

87. On the Petition Date, the Defendant was living in the Motor Home owned by the LLC.

88. On the Petition Date, the Defendant had possession of the Trailer owned by the LLC and was storing some of his property in it.

89. Neither the Trailer nor the Motor Home were listed on the Defendant's SOFA at Question 23 or anywhere else in the SOFA.

## CAUSES OF ACTION

*Count 1*
*11 U.S.C. § 727(a)(2)(A)*

90. The U.S. Trustee hereby realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 92 as though fully set forth.

91. Pursuant to 11 U.S.C. § 727(a)(2)(A), the Court shall not grant the debtor a discharge if:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition; or
>
> (B) property of the estate, after the date of the filing of the petition;

92. The Defendant's failure to disclose his interest in the LLC, the Lowe Lawsuit, the Lowe Lawsuit Animals, and his household goods all independently and collectively constitute concealment of property of the Debtor within the year before the filing of the petition and after the date of the filing of the petition.

93. The Defendant's concealments noted above were with the intent to hinder, delay, or defraud the Defendant's creditors and/or the chapter 7 trustee in this case.

94. Accordingly, Defendant should be prevented from obtaining a discharge due to his concealment of assets in connection with his bankruptcy case.

*Count 2*
*11 U.S.C. § 727(a)(4)*

95. The U.S. Trustee hereby realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 97 as though fully set forth.

96. Pursuant to 11 U.S.C. § 727(a)(4), the Court shall not grant the debtor a discharge if:

> (4) the debtor knowingly and fraudulently, in or in connection with the case-
>
> (A) made a false oath or account;

97. The Defendant signed his Petition, Schedules, and SOFA as being true and correct under penalty of perjury. However, as set forth above, the Defendant knowingly, or with reckless disregard for the truth, failed to disclose his interest in valuable assets and made numerous false statements or omissions throughout his Petition, Schedules, and SOFA. Accordingly, the Defendant should be prevented from obtaining a discharge due to the giving of a false oath and account in his bankruptcy.

98. Additionally, the Defendant made affirmative representations, while under oath, to the Chapter 7 Trustee at the Meeting of Creditors that the information contained in his Schedules was correct, and that he had listed all his assets and debts.

99. Accordingly, Defendant should be prevented from obtaining a discharge due to giving of a false oath and account in connection with his bankruptcy case.

*Count 3*
*11 U.S.C. 727(a)(11)*

100. The U.S. Trustee hereby realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 92 as though fully set forth.

101. Pursuant to 11 U.S.C. § 727(a)(11)(A), the Court shall not grant a debtor a discharge if:

> after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111...

102. Fed R. Bankr. P. 1007(b)(7) and (c) require that the personal financial management course must be taken by a debtor within 60 days of the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341.

103. The Defendant's § 341 meeting was first set for March 9, 2022.

104. The Defendant was required to take the personal financial management course by no later than May 9, 2022.

105. In addition, the Defendant received a Notice issued by the Court on April 8, 2022, reminding him of the personal financial management course deadline.

106. The Defendant has not taken the required personal financial management course.

107. Accordingly, the Defendant should be denied a discharge due to his failure to take the personal financial management course required described in § 111.

        Respectfully submitted,
        NANCY J. GARGULA
        United States Trustee

By:   /s/ Ronald J. Moore
        Ronald J. Moore
        Assistant United States Trustee
        Office of the United States Trustee
        Birch Bayh Federal Bldg. and
        United States Courthouse
        46 E. Ohio St., Room 520
        Indianapolis, IN 46204
        Phone: (317) 226-6268
        Fax: (317) 226-6356
        Ronald.Moore@usdoj.gov